HENRY G. LOMISON, APPELLEE, v. THOMAS LEACH AND JAMES I. GILMORE, APPELLANTS.

Fraud. One Leach purchased eighty acres of land from one Wallis, an agent of Lomison, for the sum of $680.00, $340.00 being paid in cash, and a note and mortgage being made for the residue. The mortgage was not recorded. Leach sold and conveyed to one Gilmore, subject to the mortgage. Gilmore commenced an action by attachment for taxes paid by him on the land. This attachment was levied on the note and mortgage in question, which were sold to Leach for the sum of $26.00; *Held*, That the transaction was fraudulent and did not divest the title of Lomison to the note and mortgage.

APPEAL from the district court for Gage county. Tried below before WEAVER, J. The opinion states the case.

*Colby & Hazlett*, for appellants.

*Hale & Hardy* and *M. L. Hayward*, for appellee.

MAXWELL, CH. J.

This is an action to foreclose a mortgage which was not recorded. 1st. The defendant Leach admits the execution of the mortgage, but denies each and every other allegation in the petition, and alleges that on the 15th day of July, 1878, he conveyed the mortgaged premises to James I. Gilmore, whose deed was filed for record in Gage county. 2nd. The defendants allege that on or about the 3d day of November, 1877, the plaintiff, by his agent, Thomas O. Wallis, sold the land in controversy to the defendant, Thomas Leach, for the sum of $680.00, $340.00 being paid in cash and $340.00 being the note and mortgage in question; that said agent fraudulently represented to said defendant that there were over sixty acres of land under cultivation on said premises, when in fact there were but forty-two acres, as he well knew; and falsely and fraudulently represented to said defendant, for the purpose of inducing him to purchase said land, that the boundary line of said premises did not include a large amount of rough and untillable land, when in fact there were about twenty-five acres of rough and untillable land in said tract, as he well knew, which was of greatly inferior value, in consequence of which the defendant has sustained damages in the sum of $450.00. 3d. That the defendant Gilmore, on the 19th day of August, 1878, recovered a judgment for the sum of $10.60 and costs against Henry G. Lomison, the plaintiff herein, and thereafter, on the 20th day of August, 1878, an order of sale was issued on said judgment, commanding the officer to sell, as upon execution, the note and mortgage described

in plaintiff's petition, which, before that time, had been levied upon under an attachmont in the action; that thereafter, upon the 14th day of September, 1878, said note and mortgage were sold to Thomas Leach for the sum of $26.00, and the proceeds of said sale were applied in satisfaction of said judgment, costs and accrued costs, etc.

On the trial of the cause in the court below, the court found all the issues in favor of the plaintiff, and that there is due on said note and mortgage the sum of $425.00 and allowed forty dollars as attorneys fees, and made an order that said premises be sold to satisfy the amount so found due. 2d. The court found that James I. Gilmore took said premises subject to the lien of said mortgage. The defendants appeal to this court.

It appears from the record that on or about the 3d day of November, 1877, one Thomas Wallis, as agent of the plaintiff, sold to Leach the north half of the northwest quarter of section 27, town 3 north, being 80 acres of land, about four miles south of the city of Beatrice, for the sum of $680.00, $340.00 being paid in cash, and a note for $340.00 secured by mortgage on the premises being taken for the balance. This mortgage Wallis failed to have recorded, and soon after receiving the same seems to have left the state, the note and mortgage being left in his office, and afterwards came into possession of one McEwen. Leach, after receiving a deed of the premises, conveyed the same to Gilmore for the sum of $1,000.00, deducting the amount of the mortgage debt from the purchase money. Gilmore thereupon commenced an action against Lomison before a justice of the peace to recover the sum of $10.60 for taxes paid by him for Lomison "for the year 1877 on one hundred and sixty acres of land in Gage county." An order of attachment was issued in said action and the note and mortgage in question were levied upon and sold to Leach for

the sum of $26.00, and they are now in his possession. There is no pretence that Gilmore is an innocent purchaser of the mortgaged premises, as the proof shows that he purchased with full knowledge of the existence of the mortgage, and that it was unsatisfied. A transcript of the proceedings before the justice is set out in the record, together with copies of the affidavit for attachment and the bill of particulars, neither of which show any legal liability on the part of Lomison to Gilmore. The action was brought for taxes alleged to have been paid on a quarter section of land in Gage county, but there is no allegation of request on the part of Lomison to pay the same. It does clearly appear that Lomison is a non-resident of the state; that Leach has never seen him, and there is no testimony showing that Gilmore had ever seen him, or that he ever made any promise or request in any way to him, nor was the action founded on a covenant in a deed. There is such an absence of essential facts in the affidavit for the attachment, that it is very doubtful if the court thereby acquired jurisdiction, the proceedings being *ex parte*. But we do not place our decision upon that ground. The claim evidently has no legal existence, but was used as the merest pretext for the very purpose of enabling Leach to purchase the note and mortgage at a nominal price at the sale. And that he was privy to this scheme, if not its chief adviser, there is no doubt. This man who, under fraudulent proceedings in attachment, purchased his own note of $340.00, secured by mortgage on real estate, for $26.00, is not an innocent purchaser, and has no cause of complaint if the court refuses to sanction such fraudulent proceedings. The case lacks every element of honesty and fair dealing. In a proper case he would be entitled to be reimbursed the amount he was compelled to pay, but neither the pleadings nor proof entitle him to such judgment in this case.

As to the alleged damage sustained by Leach by reason of false representations made by Wallis, it is sufficient to say that the court below found that no damages had been sustained, and from the character of the testimony to sustain the same we think the finding is correct. The judgment of the district court is clearly right and is affirmed.

JUDGMENT AFFIRMED.